UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM CODY,<br><br>               Plaintiff,<br><br>vs.<br><br>RN HEATHER BOWERS, OFFICIAL OR INDIVIDUAL CAPACITY; LINDA MILLER-HUNOFF, OFFICIAL OR INDIVIDUAL CAPACITY; RN JESSICA SCHREURS, OFFICIAL OR INDIVIDUAL CAPACITY; KRISTINE WIERSMA, OFFICIAL OR INDIVIDUAL CAPACITY; RN KAYLA TINKER, OFFICIAL OR INDIVIDUAL CAPACITY; DR. MARY CARPENTER, OFFICIAL OR INDIVIDUAL CAPACITY; STEVE BAKER, OFFICIAL OR INDIVIDUAL CAPACITY; ARTHUR ALLCOCK, OFFICIAL OR INDIVIDUAL CAPACITY; JENNIFER DRIESKE, OFFICIAL OR INDIVIDUAL CAPACITY; DARIN YOUNG, OFFICIAL OR INDIVIDUAL CAPACITY; DENNIS KAEMINGK, OFFICIAL OR INDIVIDUAL CAPACITY; DR. KENRA OTT, OFFICIAL OR INDIVIDUAL CAPACITY; RD JESSICA BECKER, OFFICIAL OR INDIVIDUAL CAPACITY; CBM MANAGED SERVICES, MERLIN SEJNOHAJR., OFFICIAL OR INDIVIDUAL CAPACITY; TROY PONTO, OFFICIAL OR INDIVIDUAL CAPACITY; DERRICK BIEBER, OFFICIAL OR INDIVIDUAL CAPACITY; ELIZABETH EFFLING, OFFICIAL OR INDIVIDUAL CAPACITY; CO GAIKOWSKI, OFFICIAL OR INDIVIDUAL CAPACITY; AND BRENT MCDONALD, OFFICIAL OR INDIVIDUAL CAPACITY;<br><br>               Defendants. | 4:19-CV-04026-RAL<br><br>ORDER GRANTING<br>MOTION TO AMEND [DOCKET 5] |

**INTRODUCTION**

Plaintiff, William Cody, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Plaintiff has filed a *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983 and has filed a motion to proceed *in forma pauperis*. This matter has been referred to this magistrate judge for handling pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge. The court has not yet screened Mr. Cody's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) to determine if it states any claims upon which relief may be granted, and it has not yet been served upon the named defendants. Now pending is Mr. Cody's motion to amend his complaint pursuant to FED. R. CIV. P. 15(a)(2).

**FACTS**

The facts stated here are taken from Mr. Cody's 79 page complaint, are greatly abbreviated, and should not be construed as the court's imprimatur that each or any of Mr. Cody's stated claims will ultimately be sufficient to survive screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) whenever the court accomplishes that task.

Mr. Cody brings this civil rights action against seventeen current and/or former SDSP officials or employees and against CBM Managed Services (the Commissary provider for SDSP) along with CBM's owner, Marlin Sejnoha Jr. Mr. Cody articulates ten claims against these individuals and entities in his 202 paragraph complaint: (1) Denial of medical mail in violation of the First,

Eighth and Fourteenth Amendments to the United States Constitution;

(2) Enforcement of Unconstituional Jail Policy in violation of the the First, Eighth and Fourteenth Amendments to the United States Constitution;

(3) Denial of Mr. Cody's request for a hearing aid in violation of the Eighth Amendment prohibition against cruel and unusual punishment; (4) Denial of Mr. Cody's request for proper eye care in violation of the Eighth Amendment prohibition against cruel and unusual punishment; (5) Denial of Mr. Cody's request for an adequate diet in violation of the Eighth Amendment prohibition against cruel and unusual punishment; (6) Requirement that Mr. Cody pay fees for prescribed or necessary medications in violation of Eighth Amendment prohibition against cruel and unusual punishment and the due process and equal protection laws as guaranteed by the Fourteenth Amendment to the United States Constitution; (7) Denial of medical reference books, resulting in a denial of access to the courts in violation of the First Amendment to the United States Constitution; (8) Retaliation—unlawful seizure of medical mail;

(9) Retaliation—taking of property, legal papers, and prison job; and

(10) Denial of access to the courts.

Mr. Cody's motion to amend (Docket 5) seeks to substitute the original page 64 of his complaint, and in particular to amend ¶ 196 of his complaint, which summarizes his <u>Claim 4:</u> (denial of adequate eye care). Mr. Cody explains within his motion that he wishes to add to the summary contained in ¶ 196 his assertion that the denial of appropriate eyeglasses not only constitutes cruel and unusual punishment in violation of the Eighth

3

Amendment, but also "denies him the potential ability to read well enough to prepare claims and therefore denies him the right of access to the courts as guaranteed by the First and Fourteenth Amendment to the Constitution of the United States."  See Docket 5, p. 2.  Mr. Cody has included his proposed amendment along with his motion in the form of a new proposed page 64 for his complaint which includes the language he wishes to include in ¶ 196.  See Docket 5-1.

## DISCUSSION

**A.     FED. R. CIV. P. 15 Motion to Amend**

Mr. Cody moves to amend under FED. R. CIV. P. 15(a).  That Rule provides:

> (a)     **Amendments Before Trial.**
> (1) ***Amending as a Matter of Course.***  A party may amend its pleading once as a matter of course within:
> > (A) 21 days of serving it, or
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under under Rule 12(b), (e), or (f), whichever is earlier.
> (2) ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave.  The court should freely give leave when justice so requires.
> (3) ***Time to Respond.*** Unless the court oders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

See FED. R. CIV. P. 15(a).

Motions to amend should be freely given in order to promote justice, but may be denied when such an amendment would be futile.  Plymouth Cty., Iowa

v. Merscorp, Inc., 774 F.3d 1155, 1160 (8th Cir. 2014); FED. R. CIV. P. 15(a). Leave to amend is denied only if evidence exists to support "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Roberson v. Hayti Police Dep't., 241 F.3d 992, 995 (8th Cir. 2001) (citing Foman v.Davis, 371 U.S. 178, 182 (1962)); Ingrim v. State Farm Fire & Casualty Co., 249 F.3d 743, 745 (8th Cir. 2001).

Motions to amend should be denied when the amendment would be futile. Plymouth County, 774 F.3d at 1160; Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 908 (8th Cir. 1999) (citing Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994)). The party opposing the amendment bears the burden of proving that some reason exists to deny leave to amend. Roberson, 241 F.3d at 995; Sanders v. Clemco Indus., 823 F.2d 214 (8th Cir. 1987).

In this instance, however, Mr. Cody's complaint has not yet been screened or served upon the defendants. Though he cited FED. R. CIV. P. 15(a)(2) in support of his motion to amend, the applicable provision is actually FED. R. CIV. P. 15(a)(1). The mere filing of a motion to amend does not negate the "as a matter of course" language of Rule 15(a)(1). Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002). Because Mr. Cody is a *pro se* litigant, the court applies the appropriate rule though Mr. Cody cited Rule 15(a)(2) in his motion.

"Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course before service of process has been effected." Rogers v. Hennepin County Adult Detention Center, 2016 WL 5477116 at *1 (D. Minnesota, August 24, 2016) (explaining the *pro se* prisoner did not need the court's permission to amend the complaint because it had not yet been screened or served upon the defendants). In Rogers the court accepted the proposed amendement and treated the amended complaint as the "operative pleading" for purposes of screening. Id.

**ORDER**

It is hereby ORDERED that Mr. Cody's motion to amend [Docket 5] is GRANTED. The Clerk shall substitute Mr. Cody's proposed page 64 [Docket 5-1] for the original page 64 in Mr. Cody's original complaint [Docket 1] and refile the amended complaint. The amended complaint shall serve as the operative pleading for screening purposes.

DATED this 15th day of May, 2019.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge