UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM CODY, | 4:19-CV-04026-RAL |
| Plaintiff, | |
| vs. | ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS (DOCKET NO. 2) |
| RN HEATHER BOWERS, OFFICIAL OR INDIVIDUAL CAPACITY; LINDA MILLER-HUNOFF, OFFICIAL OR INDIVIDUAL CAPACITY; RN JESSICA SCHREURS, OFFICIAL OR INDIVIDUAL CAPACITY; KRISTINE WIERSMA, OFFICIAL OR INDIVIDUAL CAPACITY; RN KAYLA TINKER, OFFICIAL OR INDIVIDUAL CAPACITY; DR. MARY CARPENTER, OFFICIAL OR INDIVIDUAL CAPACITY; STEVE BAKER, OFFICIAL OR INDIVIDUAL CAPACITY; ARTHUR ALLCOCK, OFFICIAL OR INDIVIDUAL CAPACITY; JENNIFER DRIESKE, OFFICIAL OR INDIVIDUAL CAPACITY; DARIN YOUNG, OFFICIAL OR INDIVIDUAL CAPACITY; DENNIS KAEMINGK, OFFICIAL OR INDIVIDUAL CAPACITY; DR. KENRA OTT, OFFICIAL OR INDIVIDUAL CAPACITY; RD JESSICA BECKER, OFFICIAL OR INDIVIDUAL CAPACITY; CBM MANAGED SERVICES, MERLIN SEJNOHAJR., OFFICIAL OR INDIVIDUAL CAPACITY; TROY PONTO, OFFICIAL OR INDIVIDUAL CAPACITY; DERRICK BIEBER, OFFICIAL OR INDIVIDUAL CAPACITY; ELIZABETH EFFLING, OFFICIAL OR INDIVIDUAL CAPACITY; CO GAIKOWSKI, OFFICIAL OR INDIVIDUAL CAPACITY; AND BRENT | |

| MCDONALD, OFFICIAL OR INDIVIDUAL CAPACITY;       |  |
| Defendants.                                      |  |

Plaintiff, William Cody, is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Plaintiff has filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Docket 2 and 4.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Plaintiff has reported average monthly deposits to his prisoner trust account of $0 and an average monthly balance of $-272.76. Docket 4. Based on this information, the court grants plaintiff leave to proceed in forma pauperis.

Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997). Accordingly, it is

ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is granted.

IT IS FURTHER ORDERED that plaintiff's institution will collect the monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that the clerk of the court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

IT IS FURTHER ORDERED that plaintiff will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED this 15th day of May, 2019.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge